SPO
BRENDA H. ENTZMINGER
Nevada Bar No. 9800
DANIEL H. PREPAS
Nevada Bar No. 13937
PHILLIPS, SPALLAS & ANGSTADT LLC
504 South Ninth Street
Las Vegas, Nevada 89101
(702) 938-1510
(702) 938-1511 (Fax)
bentzminger@psalaw.net
dprepas@psalaw.net

*Attorneys for Defendant*
*Wal-Mart Stores, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KAREN HOPKINS, | Case No.: 2:17-cv-00231-JAD-VCF |
| Plaintiff, | |
| v. | **STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF KAREN HOPKINS AND DEFENDANT WAL-MART STORES, INC.** |
| WAL-MART STORES INC., a foreign corporation; DOES I through X; and ROE ENTITIES I through X, inclusive, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

The parties to this action, Defendant Wal-Mart Stores, Inc. (hereinafter "Defendant"), and Plaintiff Karen Hopkins (hereinafter "Plaintiff"), by their respective counsel, hereby stipulate and request that the Court enter a stipulated protective order pursuant as follows:

1.  The Protective Order shall be entered pursuant to *the Federal Rules of Civil Procedure.*

2.  The Protective Order shall govern all materials deemed to be "Confidential Information." Such Confidential Information shall include the following:
    (a)  Any and all documents referring or related to confidential and proprietary

- 1 -

human resources or business information; financial records of the parties; compensation of Defendant's current or former personnel; policies, procedures and/or training materials of Defendant and/or Defendant's organizational structure;

(b) Any documents from the personnel, medical or workers' compensation file of any current or former employee or contractor;

(c) Any documents relating to the medical and/or health information of any of Defendant's current or former employees or contractors;

(d) Any portions of depositions (audio or video) where Confidential Information is disclosed or used as exhibits.

3. In the case of documents and the information contained therein, designation of Confidential Information produced shall be made by placing the following legend on the face of the document and each page so designated "CONFIDENTIAL" or otherwise expressly identified as confidential. Defendant will use its best efforts to limit the number of documents designated Confidential.

4. Confidential Information shall be held in confidence by each qualified recipient to whom it is disclosed, shall be used only for purposes of this action, shall not be used for any business purpose, and shall not be disclosed to any person who is not a qualified recipient. All produced Confidential Information shall be carefully maintained so as to preclude access by persons who are not qualified recipients.

5. Qualified recipients shall include only the following:
(a) In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each;

(b) Deposition notaries and staff;

(c) Persons other than legal counsel who have been retained or specially employed by a party as an expert witness for purposes of this lawsuit or to perform investigative work or fact research;

(d) Deponents during the course of their depositions or potential witnesses of this case; and

(e) The parties to this litigation, their officers and professional employees.

6. Each counsel shall be responsible for providing notice of the Protective Order and the

1  terms therein to persons to whom they disclose "Confidential Information," as defined by the terms of
2  the Protective Order.

3  Persons to whom confidential information is shown shall be informed of the terms of this
4  Order and advised that its breach may be punished or sanctioned as contempt of the Court. Such
5  deponents may be shown Confidential materials during their deposition but shall not be permitted to
6  keep copies of said Confidential materials nor any portion of the deposition transcript reflecting the
7  Confidential Information.

8  If either party objects to the claims that information should be deemed Confidential, that
9  party's counsel shall inform opposing counsel in writing within thirty (30) days of receipt of the
10 Confidential materials that the information should not be so deemed, and the parties shall attempt first
11 to dispose of such disputes in good faith and on an informal basis. If the parties are unable to resolve
12 their dispute, they may present a motion to the Court objecting to such status. The information shall
13 continue to have Confidential status during the pendency of any such motion.

14 7.  No copies of Confidential Information shall be made except by or on behalf of
15 attorneys of record, in-house counsel or the parties in this action. Any person making copies of such
16 information shall maintain all copies within their possession or the possession of those entitled to
17 access to such information under the Protective Order.

18 8.  Any party that inadvertently discloses or produces in this action a document or
19 information that it considers privileged or otherwise protected from discovery, in whole or in part,
20 shall not be deemed to have waived any applicable privilege or protection by reason of such disclosure
21 or production if, within 14 days of discovering that such document or information has been disclosed
22 or produced, the producing party gives written notice to the receiving party identifying the document
23 or information in question, the asserted privileges or protection, and the grounds there for, with a
24 request that all copies of the document or information be returned or destroyed. **The receiving party**
25 **shall return or destroy the inadvertently disclosed documents, upon receipt of appropriately**
26 **marked replacement documents.**
27 //
28 9.  The termination of this action shall not relieve the parties and persons obligated

1  hereunder from their responsibility to maintain the confidentiality of information designated
2  confidential pursuant to this Order.
3      10.    Within thirty (30) days of the final adjudication or resolution of this Lawsuit and upon
4  request from counsel, the party receiving Confidential Information shall return all Confidential
5  Material, including all copies and reproductions thereof, to counsel for the designating party.
6      11.    Nothing in this Order shall be construed as an admission to the relevance, authenticity,
7  foundation or admissibility of any document, material, transcript or other information.
8      12.    Nothing in the Protective Order shall be deemed to preclude any party from seeking
9  and obtaining, on an appropriate showing, a modification of this Order.

DATED this 23rd day of March, 2017.        DATED this 23 day of March, 2017.

**DENNETT WINSPEAR, LLP**                  **PHILLIPS, SPALLAS & ANGSTADT, LLC**

_____                  _____
MEREDITH L. HOLMES, ESQ.                   DANIEL H. PREPAS, ESQ.
Nevada Bar No. 11602                       Nevada Bar No. 13937
3301 North Buffalo Drive, Suite 195        504 South Ninth Street
*Attorneys for Plaintiff*                  *Attorneys for Defendant*
*Karen Hopkins*                            *Wal-Mart Stores, Inc.*

### ORDER

IT IS SO ORDERED.   DATED this 24th day of March, 2017.

_____
U.S. Magistrate **JUDGE**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of March, 2017, I served a true and correct copy of the foregoing **STIPULATED PROTECTIVE ORDER BETWEEN PLAINTIFF KAREN HOPKINS AND DEFENDANT WAL-MART STORES, INC.**, by electronic service and by U.S. Mail, in a sealed envelope, first-class postage fully prepaid, addressed to the following counsel of record, at the address listed below:

| ATTORNEY OF RECORD | TELEPHONE/FAX | PARTY |
|---|---|---|
| RYAN L. DENNETT, ESQ.<br>MEREDITH L. HOLMES, ESQ.<br>DENNETT WINSPEAR, LLP<br>3301 North Buffalo Drive, Suite 195<br>Las Vegas, NV 89129 | Phone 702-839-1100<br>Fax    702-839-1113 | Plaintiff |

_/s/ [signature]_
An Employee of PHILLIPS, SPALLAS & ANGSTADT, LLC